## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **MARK A. SMITH** <br> 10640 Sharondale Rd. <br> Cincinnati, OH 45241 | : <br><br> : | Case No. 1:18-cv-242 <br><br> Judge _____ |
| Plaintiff, | : | |
| v. | : | |
| **ADVANCEPIERRE FOODS, INC.** <br> 9990 Princeton Glendale Rd. <br> Cincinnati, OH 45246 | : <br><br> : | **COMPLAINT WITH JURY** <br> **DEMAND ENDORSED HEREON** |
| Defendant. | : | |
| <u>Also serve:</u> <br> AdvancePierre Foods, Inc. <br> c/o CT Corporation System, Registered Agent <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, OH  43219 | : <br><br> : <br><br> : <br><br> : <br><br> : <br><br> : | |

## PARTIES

1. Plaintiff Mark A. Smith ("Mr. Smith" or "Plaintiff") is a citizen and resident of the state of Ohio.

2. Defendant AdvancePierre Foods, Inc. ("AdvancePierre" or "Defendant") is a foreign corporation registered in the State of Ohio that owns and operates a food service business located in Hamilton County, Ohio.  AdvancePierre is an employer within the meaning of Ohio and federal law.

3. Defendant is an employer within the meaning of federal and Ohio law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Counts I, II, and IV and pursuant to 28 U.S.C. § 1331 because these Counts arise under the Family and Medical Leave Act ("FMLA"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"), respectively.

5. This Court has supplemental jurisdiction over the state law claims in Counts III and V pursuant to 28 U.S.C. § 1367 on the grounds that these Counts are so related to the federal claims over which this Court has original jurisdiction that they form the same case or controversy.

6. This Court has personal jurisdiction over AdvancePierre because it conducts business and employed Mr. Smith within this district and division.

7. Venue is proper in this division and district pursuant to 29 U.S.C. § 1391(b). Mr. Smith was employed in this division and district, and the conduct giving rise to his claims occurred within this division and district.

8. Mr. Smith brings this Complaint after having filed a timely charge alleging age discrimination, disability discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC") and within 90 days of receiving a Notice of Right to Sue from the EEOC.

## FACTUAL BACKGROUND

9. Mr. Smith worked for AdvancePierre for 25 years, most recently holding the position of Day Shift Maintenance Supervisor.

10. Throughout his employment at AdvancePierre, Mr. Smith was a loyal, dedicated and productive employee. He regularly received favorable performance reviews and regular raises.

11. In approximately August of 2016 to October of 2016, Mr. Smith was on FMLA-approved medical leave.

12. Just after returning to work from his leave in October, Mr. Smith was placed upon a "Performance Improvement Plan" for issues that occurred during the time he was on his approved medical leave, even though those issues did not happen under his supervision.

13. Mrs. Smith, in fact, was specifically told that he was being put on the Plan for job performance issues over the "last few months." But, of course, Mr. Smith was on FMLA leave for the past few months and not working.

14. On February 11, 2017, Mr. Smith called AdvancePierre's corporate Human Resources office to complain about older employees being terminated from the company, and about being disciplined for events that occurred while he was on leave. Even though Mr. Smith was told the matter would be investigated, he was subsequently terminated on February 18, 2017.

15. AdvancePierre could not provide a clear explanation as to why they had terminated a 25-year employee, and refused to provide him with his employee file post-termination.

16. Mr. Smith was 56 years old at the time AdvancePierre fired him.

17. On information and belief, AdvancePierre replaced Mr. Smith with a substantially younger, non-disabled person who has not sought medical leave and who has not complained about unlawful employment practices.

## COUNT I

### (FMLA Violation and Retaliation)

18. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

19. Plaintiff suffered from a serious health condition as defined by the FMLA, 29 U.S.C. § 2611.

20. Plaintiff required medical leave to deal with his serious health condition.

21. Defendant interfered with Mr. Smith's ability to exercise his rights under the FMLA in violation of the FMLA.

22. Defendant terminated Plaintiff's employment in retaliation for exercising his rights under the FMLA.

23. Defendant's acts of interfering with and retaliating against Plaintiff's FMLA-protected rights include, but are not limited to, disciplining him for actions that took place on his shift while he was on medical leave, and by terminating his employment because he exercised his right to medical leave.

24. Defendant's actions constitute willful violations of the FMLA, 29 U.S.C. § 2601 et seq.

25. As a result of Defendant's willful violation of the FMLA, Plaintiff has suffered damages and is entitled to relief.

## COUNT II

### (Age Discrimination and Retaliation in Violation of the Age Discrimination in Employment Act ("ADEA"))

26. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

27. Plaintiff was over 40 years old at the time of his termination and was fully qualified for the position he held.

28. Defendant's termination of Plaintiff permitted the hiring and/or retention of substantially younger, less qualified employees.

29. Defendant terminated Plaintiff because of his age in violation of the ADEA.

30. Defendant's termination of Plaintiff was retaliation for Plaintiff complaining to Defendant's Human Resources department about Defendant terminating other older employees.

31. Defendant's conduct in terminating Plaintiff was intentional, malicious, and in reckless disregard of Plaintiff's legal rights.

32. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered injury and damages for which he is entitled to recovery.

## COUNT III

### (Age Discrimination and Retaliation in Violation of Ohio Revised Code Chapter 4112)

33. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

34. Plaintiff was over 40 years old at the time of his termination and was fully qualified for the position he held.

35. Defendant's termination of Plaintiff permitted the hiring and/or retention of substantially younger, less qualified employees.

36. Defendant terminated Plaintiff because of his age in violation of Ohio Revised Code Chapter 4112.

37. Defendant's termination of Plaintiff was retaliation for Plaintiff complaining to Defendant's Human Resources department about Defendant terminating other older employees.

38. Defendant's conduct in terminating Plaintiff was intentional, malicious, and in reckless disregard of Plaintiff's legal rights.

39. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered injury and damages for which he is entitled to recovery.

## COUNT IV

### (Disability Discrimination in Violation of the Americans with Disabilities Act ("ADA"))

40. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

41. At all relevant times, Plaintiff had a disability, and/or was perceived by Defendant as being disabled pursuant to the ADA.

42. Plaintiff was fully qualified for the position he held for Defendant.

43. Defendant terminated Plaintiff based upon his disability and/or perceived disability in violated of Chapter 4112 of the Ohio Revised Code.

44. Defendant's conduct was intentional, willful, wanton and malicious in nature.

45. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered injury and damages for which he is entitled to recovery.

## COUNT V

**(Disability Discrimination in Violation of Ohio Revised Code Chapter 4112)**

46. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

47. At all relevant times, Plaintiff had a disability, and/or was perceived by Defendant as being disabled pursuant to Chapter 4112 of the Ohio Revised Code.

48. Plaintiff was fully qualified for the position he held for Defendant.

49. Defendant terminated Plaintiff based upon his disability and/or perceived disability in violated of Chapter 4112 of the Ohio Revised Code.

50. Defendant's conduct was intentional, willful, wanton and malicious in nature.

51. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered injury and damages for which he is entitled to recovery.

**WHEREFORE**, Plaintiff Mark A. Smith demands judgment against Defendant AdvancePierre Foods, Inc.:

(a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be reinstated;

(c) That Plaintiff be awarded compensatory damages including emotional distress damages;

(d) That Plaintiff be awarded all lost pay and benefits;

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded all unpaid wages for hours and overtime hours worked;

(g) That Plaintiff be awarded liquidated damages;

(g) That Plaintiff be awarded pre-judgment interest;

(h) That Plaintiff be awarded reasonable attorneys' fees; and

(i) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

## JURY DEMAND

Plaintiff Mark A. Smith hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/  David A. Eberly
David A. Eberly (0067007)
Eberly McMahon Copetas LLC
2321 Kemper Lane, Suite 100
Cincinnati, Ohio 45206
(513) 533-9898
(513) 533-3554 Fax
deberly@emclawyers.com

Attorneys for Plaintiff Mark A. Smith